**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1600
_____

SB BUILDING ASSOCIATES, L.P.,  A New Jersey Limited Partnership; SB
MILLTOWN INDUSTRIAL REALTY HOLDINGS, LLC, A New Jersey Limited
Liability Corporation; ALSOL CORP., A New Jersey Corporation,

Appellants

v.

BOROUGH OF MILLTOWN;
MAYOR AND COUNCIL OF THE BOROUGH OF MILLTOWN;
MILLTOWN FORD AVENUE REDEVELOPMENT AGENCY

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 3-07-cv-04127
District Judge: The Honorable Anne E. Thompson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2012

Before: SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed: January 13, 2012)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Plaintiffs SB Building Associates, L.P., SB Milltown Industrial Realty Holdings, LLC, and Alsol Corporation challenge the alleged taking of their land by Defendants the Borough of Milltown, New Jersey, various Milltown officials, and the Milltown Ford Avenue Redevelopment Agency. On Defendants' motion for judgment on the pleadings, the District Court rejected all of Plaintiffs' federal claims, declined to exercise jurisdiction over Plaintiffs' state law claims, and issued judgment in favor of Defendants. We will affirm.

I

On a motion for judgment on the pleadings, "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law. We must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (internal citation omitted). Our review is plenary. *See id.* at 219.

This case began with Defendants adopting a redevelopment plan for an area of Milltown, encompassing multiple properties, including the property owned by Plaintiffs. Since then, Defendants have taken steps toward redeveloping both the property in question and the surrounding area. In response, Plaintiffs have brought multiple state actions challenging the redevelopment under various legal theories.

Thus far, Plaintiffs have been unsuccessful.

This is the first federal action filed by Plaintiffs. The claims involved – though closely related to the prior state actions – appear to be unique to this federal action.[1] Essentially, Plaintiffs contend that Milltown's initial resolution authorizing the redevelopment did not specifically and unambiguously designate the area as one in need of redevelopment, as required by New Jersey law.[2] As a result, all subsequent actions in pursuit of that redevelopment are unlawful, both as a taking without just compensation in violation of the Fifth Amendment, and as a violation of the Fourteenth Amendment right to substantive due process. On Defendants' motion for judgment on the pleadings, the District Court rejected all of Plaintiffs' federal claims, declined to exercise jurisdiction over Plaintiffs' state law claims, and issued judgment in favor of Defendants. This appeal followed.[3]

II

First, Plaintiffs challenge Defendants' actions to redevelop the property as violating substantive due process. "A substantive due process violation is established if 'the government's actions were not rationally related to a legitimate

---

[1] Nevertheless, we do not decide the applicability of claim or issue preclusion.

[2] Even under the procedural posture of this case, we need not accept Plaintiffs' assertion that Milltown failed to properly designate the area as one in need of redevelopment. Interpretation of the relevant ordinance is a question of law. Nevertheless, for the purpose of this opinion, we assume Plaintiffs are correct.

government interest' or 'were in fact motivated by bias, bad faith or improper motive.'" *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998) (quoting *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 692 (3d Cir. 1993)) (internal quotation marks omitted). Plaintiffs do not contend that Defendants are motivated by bias, bad faith, or improper motive. Plaintiffs contend solely that Defendants' actions are not rationally related to a legitimate government purpose because Milltown failed to first properly designate the property as an area in need of redevelopment.

Importantly, the Plaintiffs do not challenge Defendants' contention that the property *actually is* in need of redevelopment.[4] Instead, Plaintiffs bootstrap their allegation that the Defendants failed to properly designate the property as one in need of redevelopment into a contention that such a failure renders Defendants' actions arbitrary and violative of due process. This is incorrect. "Mere violation of a state statute does not infringe the federal Constitution." *Sameric*, 142 F.3d at 596 (quoting *Snowden v. Hughes*, 321 U.S. 1, 11 (1944)).

Plaintiffs would have us declare that the Defendants' alleged failure to satisfy the procedural requirements of New Jersey law removes any logical basis

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

for Defendants' actions. But in determining whether Defendants' actions violate substantive due process, we only ask whether the Defendants "*could* have had a legitimate reason" for taking steps toward redeveloping the property at issue. *Sameric*, 142 F.3d at 595 (quoting *Pace Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1034, 1035 (3d Cir. 1987)) (emphasis added). Given Defendants' undisputed progress toward redeveloping the area in question – including adoption of a redevelopment plan, selection of a redeveloper, and completion of various administrative procedures – we can presume that the Defendants could indeed have had a legitimate reason: they could have believed that the property was in need of redevelopment. Again, the Plaintiffs never challenge whether the property is actually in need of redevelopment, only whether the Defendants properly declared it to be so. Such is not the making of a substantive due process claim.

Second, Plaintiffs challenge various actions of the Defendants as takings without just compensation. The Takings Clause of the Fifth Amendment does not prohibit valid governmental takings, but it does require that the government provide just compensation for the property it takes. Consistent with Supreme Court precedent, we have held that takings claims are not ripe until "(1) 'the government entity charged with implementing the regulations has reached a final

---

[4] This may well be because SB expressed support for redevelopment in a letter to the Redevelopment Agency (Borough App'x at 2), but SB's motivations are not

decision regarding the application of the regulations to the property at issue' (the 'finality rule') and (2) the plaintiff has unsuccessfully exhausted the state's procedures for seeking 'just compensation,' so long as the procedures provided by the state were adequate." *Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) (quoting *Williamson Cnty. Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 194-95 (1985)). The latter rule, requiring exhaustion of state remedies, applies regardless of whether the takings claim is facial or as-applied to a particular property. *See Cnty. Concrete*, 442 F.3d at 168.

For the purpose of this opinion, we will assume (without deciding) that SB has properly alleged a taking of its property. SB does not allege that it has exhausted or even attempted to exhaust state procedures for seeking just compensation. Rather, it asserts that New Jersey's procedures for seeking just compensation are clearly inadequate and that pressing its claim in a state forum would be futile. We disagree.

As the District Court properly concluded, New Jersey provides an avenue of redress for property owners seeking just compensation. According to the Appellate Division of the New Jersey Superior Court, "an appropriation of property by a governmental entity or private corporation having the power of eminent domain without its having undertaken to condemn or pay compensation

---

relevant to our holding.

for the taking, can be redressed by the owner's action in the nature of Mandamus to compel institution of condemnation proceedings." *In re N.J. Cent. Power & Light Co.*, 400 A.2d 128, 129 (N.J. Super. Ct. App. Div. 1979). Plaintiffs make no attempt to distinguish this case, on which the District Court relied. Plaintiffs do point to cases where litigation failed to yield compensation for the parties involved, but this does not make the available remedy inadequate. Because we conclude that the remedies available under New Jersey law are adequate and the Plaintiffs have failed to exhaust their options in the New Jersey courts, they cannot satisfy the second prong of the test from *County Concrete*. Therefore, it is not necessary to examine the first prong.

Finally, as the District Court properly dismissed the federal claims, it was well within its discretion to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

We will affirm.